IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **FREDERICK TYRONE CALHOUN,** <br><br> Defendant. | Case No. 7:09-CR-4 (HL) |

### ORDER

This case is before the Court on a letter from Defendant, construed to be a Motion for Credit for Time Served (Doc. 105).

In October of 2009, Defendant was sentenced to a prison term of 120 months, followed by a five-year term of supervised release. Defendant now contends that he is entitled to credit for time served between the dates of January 10, 2006 and May 9, 2006.

The Attorney General through the Bureau of Prisons, and not district courts, is authorized to compute sentence credit awards after sentencing. Dawson v. Scott, 50 F.3d 884, 889 (11th Cir. 1995). The Attorney General delegated his authority to the Bureau of Prisons. United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990). This Court does not have the power to grant any credit to Defendant for time served.

Further, an inmate must exhaust his administrative remedies with the Bureau of Prisons before seeking judicial relief. Id. If Defendant exhausts his remedies and is unsatisfied with the decision of the Bureau of Prisons, he may file a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against the Bureau of Prisons. See United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.") (citation omitted).

Habeas corpus petitions must name the warden of the facility where the prisoner is held as the defendant and the petition must be filed in the district where the prisoner is confined. <u>Barden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 494-95, 93 S.Ct. 1123 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds in what is alleged to be unlawful custody."); <u>Fernandez v. United States</u>, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.")

Defendant's Motion for Credit for Time Served (Doc. 105) is denied. After exhausting his administrative remedies, Defendant may file a habeas corpus petition in the United States District Court for the Eastern District of Louisiana naming the warden of his facility as the defendant.

**SO ORDERED**, this the 2nd day of September, 2011.

*s/Hugh Lawson*

**HUGH LAWSON, SENIOR JUDGE**

mbh